1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Colby Quilling,                          No. 2:20-cv-01552-KJM-AC

12                     Plaintiff,             ORDER

13          v.

14   Sacramento County Probation Dept., et al.,

15                     Defendants.

16

17          Plaintiff Colby Quilling brought this civil rights action arising from his termination by

18   defendants County of Sacramento and Sacramento County Probation Department.  The

19   defendants move to dismiss the operative complaint.  Quilling opposes.  For the following

20   reasons, the motion is **granted**.

21   **I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

22          Quilling worked as a Probation Assistant at the Sacramento County Juvenile Detention

23   Facility.  First Am. Compl. ("FAC") ¶ 9, ECF No. 6.  One day Quilling and his former co-worker,

24   Simone Spencer-Thompson, were supervising the detained minors during a room cleaning.  *Id.*

25   ¶ 10.  One of the minors made "taunting comments" about putting some of the cleaning solution

26   in his mouth, to which Quilling replied, "[t]hen do it."  *Id.* ¶¶ 10–11.  Quilling alleges his

27   comments were an attempt at reverse psychology.  *Id.* ¶ 11.  But the young man proceeded to

28   ////

1

1  pour some of the cleaning solution into his mouth.  *Id.* ¶ 12.  Quilling directed him to spit it out

2  and wash his mouth before he was brought to the clinic.  *Id.*

3         Spencer-Thompson prepared an Institutional Incident Report ("IIR") as required by

4  County policy.  *Id.* ¶¶ 14–15.  The IIR did not mention Quilling, *id.* ¶ 16; it was signed by the

5  Supervising Probation Officer, who did not witness the incident, *id.* ¶ 15.  A probation policy

6  requires each officer present for an incident to provide a written supplement to the IIR; Spencer-

7  Thompson did but Quilling was denied the opportunity to supplement the IIR.  *Id.* ¶¶ 16–18.

8  Spencer-Thompson submitted a second report that only supervisory staff received.  *Id.* ¶ 18.

9  Quilling's supervisor directed Quilling to draft a memo describing the incident.  *Id.* ¶ 19.  He

10 complied and was placed on administrative leave within a few hours of his submission of the

11 memo.  *Id.* ¶¶ 19–20.

12        Quilling was terminated based on the incident.  *Id.* ¶ 22.  Quilling asserts the defendants

13 did not conduct a proper investigation, afford him an opportunity to seek representation from his

14 union or a lawyer, or allow him to appeal his termination based on a civil rights or due process

15 violation.  *Id.* ¶¶ 21–22.  The incident was included in his personnel record and he has been

16 "unable to obtain same or similar employment" since he lost his job.  *Id.* ¶ 23

17        Quilling sued in the Superior Court of the State of California.  Notice of Removal ¶ 1,

18 ECF No. 1.  The defendants removed.  Notice of Removal, ECF No. 1.  Quilling then filed the

19 operative amended complaint alleging violations of the California Government Code § 3300, *et*

20 *seq.*, and the Fourteenth Amendment's due process clause.  FAC, ECF No. 6.  The defendants

21 now move to dismiss.  Mot. to Dismiss ("MTD"), ECF No. 7.  The motion is fully briefed,

22 Opp'n, ECF No. 11; Reply, ECF No. 14, and the court submitted the matter without oral

23 argument, Minute Order, ECF No. 13.

24 **II.  LEGAL STANDARD**

25        A party may move to dismiss for "failure to state a claim upon which relief can be

26 granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a

27 "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

28 *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court

1    assumes all factual allegations are true and construes "them in the light most favorable to the

2    nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019).

3    If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion

4    must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

5        A complaint need contain only a "short and plain statement of the claim showing that the

6    pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl.*

7    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned

8    accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S.

9    at 678.  In the same vein, conclusory or formulaic recitations elements do not alone suffice.  *Id.*

10   (quoting *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task

11   drawing on "judicial experience and common sense."  *Id.* at 679.

## III.   ANALYSIS

13       The defendants argue the operative complaint should be dismissed because Quilling does

14   not allege a demonstrated deprivation of a protected liberty or property interest to support his due

15   process claim and the claim under Government Code section 3303(i) fails as a matter of law.

16   MTD at 2.  Quilling clarifies his due process claim is limited to alleging the defendants deprived

17   him of his liberty interest by damaging "his standing and associations in his community."  Opp'n

18   at 5.  The court limits its analysis here accordingly.

19       "The fourteenth amendment's guarantee of procedural due process applies when a

20   constitutionally protected liberty or property interest is at stake."  *Vanelli v. Reynolds Sch. Dist.*

21   *No. 7*, 667 F.2d 773, 777 (9th Cir. 1982) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S.

22   564, 569 (1972)).  In *Board of Regents of State Colleges v. Roth*, the Supreme Court held that the

23   state deprives an individual of his liberty interest when the State makes a "charge against him that

24   might seriously damage his standing and associations in his community."  408 U.S. at 573.  "It is

25   well established that where the State seeks to bar forever an individual from public employment,

26   makes a charge of 'dishonesty,' or attaches a 'stigma' to an employment decision, it must afford

27   due process."  *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1128 (9th Cir. 2001), *as*

28    *////*

3

*amended* (Mar. 14, 2001).  The court considers the two ways in which a plaintiff can plead a deprivation of liberty interest and finds Quilling does not successfully satisfy either.

      The State must provide notice and an opportunity to be heard when it makes an employment decision based "on a charge . . . that [an individual] had been guilty of dishonesty, or immorality" because such a charge puts the individual's "good name, reputation, honor, or integrity [] at stake."  *Roth*, 408 U.S. at 573 (internal quotation marks omitted) (citation omitted).  The Ninth Circuit "has concluded that *Roth*'s notion of liberty, while imprecise, distinguishes between a stigma of moral turpitude, which infringes the liberty interest, and a charge of incompetence or inability to get along with coworkers which does not."  *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 365–66 (9th Cir. 1976) (citations omitted).  For due process protections to apply, a plaintiff must demonstrate more than mere injury to his reputation.  *Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002) (citing *Paul v. Davis*, 424 U.S. 693, 701, 711 (1976)).  Constitutional protections apply when "1) the accuracy of the charge is contested; 2) there is some public disclosure of the charge; and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law."  *Llamas*, 238 F.3d at 1129 (citations omitted).

      Here, Quilling's termination as pled was not based on honesty or morality and thus cannot support a liberty interest.  *See Stretten*, 537 F.2d at 366 (charges concerning plaintiff's unsatisfactory job performance and unprofessional behavior did not infringe upon plaintiff's liberty interest); *Southeast Kansas Cmty Action Program Inc. v. Sec'y of Agric. of the United States*, 967 F.2d 1452, 1458 (10th Cir. 1992) (concluding while "charges involving negligence and neglect of duties. . . could give rise to a state law defamation claim, they are insufficient to establish a liberty interest deprivation").

      In attempting to argue the defendant employer has made a charge of moral turpitude against him, Quilling asserts child endangerment is a crime of moral turpitude.  Opp'n at 3.  In doing so he relies on *People v. Castro*, 38 Cal.3d 301, 314 (1985), a state court case addressing the admissibility of impeachment evidence under the California Constitution and Evidence Code.  Opp'n at 3–4.  Even assuming without deciding child endangerment is considered a crime of

1  moral turpitude under *Castro*, Quilling does not establish that such a categorization is transferable

2  to his federal due process claim.  Among other things, he does not plead his termination was

3  based on a charge of child endangerment.

4      Additionally, even if Quilling's termination was based on a charge of dishonesty or

5  immorality, he does not contest the accuracy of such a charge.  He recites this essential element of

6  the due process analysis in his complaint, and claims there are three reports of the events leading

7  up to his termination, FAC ¶ 41, but he provides neither the language of the reports nor factual

8  allegations demonstrating any inaccurate representations of his conduct.  Accordingly, Quilling

9  has not pled a deprivation of his liberty interest based on a charge of dishonesty or immorality.

10     Similarly, Quilling does not establish a liberty interest based on exclusion from future

11 employment.  A liberty interest is at stake when the state "impose[s] on [the individual] a stigma

12 or other disability that foreclosed his freedom to take advantage of other employment

13 opportunities." *Roth*, 408 U.S. at 573.  "Under this claim, due process protects a 'generalized . . .

14 right to choose one's field of private employment.'" *Llamas*, 238 F.3d at 1128 (citation omitted).

15 "To implicate constitutional liberty interests, however, the reasons for dismissal must be

16 sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take

17 advantage of other employment opportunities." *Bollow v. Fed. Rsrv. Bank of San Francisco*,

18 650 F.2d 1093, 1101 (9th Cir. 1981).

19     Here, Quilling claims he has sought employment with other law enforcement agencies and

20 was denied.  FAC ¶ 42.  While he believes these rejections are based on the record of his

21 termination in his personnel file, *id.*, he does not allege the state has barred him from future

22 employment.  *Compare Roth*, 408 U.S. at 573–74 (finding due process not implicated because

23 State did not "bar the respondent from all other public employment in state universities."), *with*

24 *Schware v. Bd. of Bar of Examiners of New Mexico*, 353 U.S. 232, 247 (1957) ("[T]he State of

25 New Mexico deprived petitioner of due process in denying him the opportunity to qualify for the

26 practice of law" in the state based on alleged lack of "moral character").  Additionally, he does

27 not plausibly plead that the information included in his personnel file is sufficiently stigmatizing

28 to permit due process protection.  *See Hyland v. Wonder*, 972 F.2d 1129, 1142 (9th Cir. 1992)

1    ("At most, the charges may make [plaintiff] somewhat less attractive to future employers.  This is

2    not enough to implicate the Due Process Clause."); *Gray v. Union County Intermediate Educ.*

3    *Dist.*, 520 F.2d 806 (9th Cir. 1975) (allegations of "insubordination, incompetence, hostility

4    toward authority, and aggressive behavior . . . do not import serious character defects such as

5    dishonesty or immorality").  Therefore, Quilling has not properly articulated a liberty interest that

6    triggers the due process clause.

7         Because additional facts could establish a viable due process claim, the court grants

8    dismissal but with leave to amend if possible within the confines of Federal Rule of Civil

9    Procedure 11.  *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th

10   Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue

11   delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

12   by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

13   of the amendment, [or] futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182

14   (1962))).

15        The court considers the questions of whether the "Due Process Clause applies" and "'what

16   process is due'" separately.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)

17   (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  Because Quilling has not successfully

18   pled his deprivation of a liberty interest, his due process claim collapses in response to the first

19   question.  Due process does not apply.  Therefore, the court does not reach the parties' arguments

20   on the second question, namely whether Quilling had a right to representation.

21        The court also does not reach the parties' arguments with respect to the claim based on

22   California Government Code section 3300.  *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d

23   1041, 1046 (9th Cir.1994) ("'[I]n the usual case in which federal-law claims are eliminated before

24   trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the

25   remaining state law claims'" (quoting *Schneider v. TRW Inc.*, 938 F.2d 986, 993 (9th Cir.1991))).

26   "Here, because the court has granted plaintiff leave to amend some of his federal claims, the court

27   will retain for now jurisdiction over any state law claims pled in an amended complaint."  *Godina*

28   *v. CALTRANS*, 2:12-2454, 2013 WL 3149365, at *4 (E.D. Cal. June 19, 2013).  The court will

1  assess the merits of the state claims if Quilling is able to amend his complaint to state a viable due

2  process claim.

3  **IV.    CONCLUSION**

4      Accordingly, the court **grants** the motion to dismiss.  The first amended complaint is

5  dismissed with leave to amend.  Any amended complaint must be filed within **21 days** of the date

6  of this order.  The status set for April 22, 2021, Minute Order, ECF No. 15, is vacated.

7      This order resolves ECF No. 7.

8      IT IS SO ORDERED.

9   DATED:  March 23, 2021.

CHIEF UNITED STATES DISTRICT JUDGE