UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Colby Quilling,<br><br>                Plaintiff,<br><br>    v.<br><br>Sacramento County Probation Dept., et al.,<br><br>                Defendants. | No. 2:20-cv-01552-KJM-AC<br><br>ORDER |

This matter is before the court on plaintiff Colby Quilling's request to seal the court records related to the action he brought against his former employer, defendant Sacramento County Probation Department. *See* Request to Seal, ECF No. 21; FAC, ECF No. 6. Soon after the court's dismissal of plaintiff's first amended complaint in mid-2021, ECF No. 16, the parties stipulated to a dismissal of the complaint, ECF No. 19. For the reasons below, **the court denies the request to seal.**

**I.     DISCUSSION**

There is a strong presumption in favor of public access to court records. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public

1

1    scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or
2    "sources of business information that might harm a litigant's competitive standing." *Nixon v.*
3    *Warner Communications*, 435 U.S. 589, 598 (1978) (footnotes omitted).
4        When a party moves to seal a record, the court looks to the underlying motion and
5    determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto*
6    *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  If the motion is more than
7    tangentially related to the merits of the case, a party seeking to seal the record must satisfy the
8    "stringent" compelling reasons standard. *Id.* at 1096.  Applying this standard, "a court may seal
9    records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling,
10   without relying on hypothesis or conjecture,'" and "then 'conscientiously balance[s] the
11   competing interests of the public and the party who seeks to keep certain judicial records secret.'"
12   *Id.* at 1096−97 (first alteration in original) (quoting *Kamakana*, 447 F.3d 1172 at 1179).
13       When a motion is unrelated or only tangentially related to the merits of the case, the good
14   cause standard, which is an "exception" to the "presumptive" compelling reasons standard,
15   applies. *Id.* at 1097−98.  To establish good cause, a party must show "for each particular
16   document it seeks to protect . . . that specific prejudice or harm will result" absent sealing. *See*
17   *Foltz*, 331 F.3d at 1130 (citation omitted).  "Broad allegations of harm, unsubstantiated by
18   specific examples or articulated reasoning" will not satisfy the good cause standard. *Beckman*
19   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).
20       The Eastern District of California has adopted rules to clarify procedures for parties'
21   compliance with the law reviewed above.  Local Rule 141 provides that documents may be sealed
22   only by a written order of the court after a particularized request to seal has been made.
23   E.D. Cal. L.R. 141(a).  A mere request to seal is not enough under the local rules.  Local Rule
24   141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or
25   other authority for sealing, the requested duration, the identity, by name or category, of persons to
26   be permitted access to the document, and all relevant information."  The court's own Standing
27   Order, available on its web page, emphasizes the requirement that parties comply with the law
28   and the rules in making any sealing request, which they should do lightly and only rarely if at all.

While the court should not have to set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the unjustified request to seal presented by plaintiff.

Plaintiff requests the court seal "all court documents" because "[h]aving these records available to the public has cause[d] [him] a lot of stress at [his] current job because . . . current employees" are "looking at [his] information online and gossiping" about him at work. Request to Seal at 1. While the court is sympathetic to plaintiff's personal challenges, they do not amount to a "compelling reason" to seal, *Ctr. for Auto Safety*, 809 F.3d at 1096–97, nor would sealing protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" *Nixon*, 435 U.S. at 598. Furthermore, plaintiff has not set forth the "statutory or other authority for sealing" as required under Local Rule 141, nor has he detailed "the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b).

**II.    CONCLUSION**

For the reasons outlined above, the request to seal is **denied**.

This order resolved ECF No. 21.

IT IS SO ORDERED.

DATED: April 5, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

3